# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**WEST VIRGINIA UNITED HEALTH SYSTEM, INC.,**
**Employer Below, Petitioner**

**FILED**
**October 28, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-74**          (JCN: 2023000237)

**KATELYN DEWITT,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner West Virginia United Health System, Inc., ("WVUHS") appeals the January 30, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Katelyn DeWitt filed a response.[1] WVUHS filed a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which rejected the claim, and holding the claim compensable for right elbow dislocation and right radial head fracture.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 28, 2022, while employed by WVUHS, Ms. DeWitt tripped and fell to the ground landing on her right arm and leg. On the same day, Ms. DeWitt was seen in the United Hospital Center Emergency Department by Ashley E. Foreman, M.D. Ms. DeWitt reported limited range of motion since the fall and numbness in her fingertips. An x-ray of the right elbow showed normal alignment and proximal radial fracture. An x-ray of the right humerus revealed no acute abnormality of the right humerus, but a right elbow dislocation, and a radial head fracture. An x-ray of the right elbow revealed posterior elbow dislocation and questionable fracture involving the radius. An x-ray of the right forearm revealed a radial head fracture with elbow dislocation. Ms. DeWitt underwent a reduction of her dislocated right elbow, and it was placed in a splint.

---

[1] WVUHS is represented by H. Dill Battle, III, Esq. Katelyn DeWitt is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq.

1

On the day of the injury, Ms. DeWitt signed an Employees' and Physicians' Report of Injury, indicating that she suffered an occupational injury to her right arm after she tripped and fell in the laboratory where she worked; the treating physician diagnosed right elbow dislocation and radial head fracture, and placed Ms. DeWitt on modified duty with no lifting or movement of her right arm.

On July 5, 2022, Ms. DeWitt was seen by David Webster, PA-C, for fracture aftercare. Ms. DeWitt reported that she fell at work on June 28, 2022, and had a right elbow dislocation and a radial head fracture. On July 13, 2022, Ms. DeWitt followed up with PA Webster. Ms. DeWitt underwent right elbow x-rays, revealing unchanged alignment of the right elbow from the imaging taken on July 5, 2022. PA Webster noted that Ms. DeWitt was progressing well. Ms. DeWitt was given an order for an elbow brace for stability and pain control. PA Webster advised Ms. DeWitt to continue limiting any contact or weightbearing activities with the right upper extremity.

The claim administrator issued an order dated July 20, 2022, rejecting the claim based on a finding that Ms. DeWitt was not injured in the course of and resulting from her employment. Ms. DeWitt protested this order and completed a second Employees' and Physicians' Report of Injury dated August 9, 2022. The August report was largely the same as the first but indicated a diagnosis of "unspecified fracture of lower end of right humerus, subsequent encounter for fracture with routine healing."

On August 4, 2022, Ms. DeWitt was seen by Amber Slider, MA. Ms. DeWitt reported that she was progressing with physical therapy, but she continued to have some swelling in the elbow and intermittent pain. MA Slider advised Ms. DeWitt to continue with physical therapy, utilizing bracing, activity modification, anti-inflammatories, and rest. MA Slider also stated that Ms. DeWitt should continue to limit weightbearing and contact activities.

Ms. DeWitt was deposed on November 16, 2022. She testified that on June 28, 2022, she was walking from the computer to the chemistry analyzer and fell, landing on her right elbow and right knee. She further testified that when she fell, she was moving around quickly, as required by her job. Ms. DeWitt stated that, although there were no obvious obstacles or warning signs of wet floors, she is unsure if there was a slippery substance on the floor at that specific time, and the housekeeper was cleaning the department at the time of the injury. Ms. DeWitt also testified that tube caps sometimes accidentally end up on the floor, instead of the biohazard trash, because she has to uncap each specimen before placing them on the chemistry analyzers, and this could have also caused her fall.

On January 30, 2024, the Board reversed the claim administrator's order, which rejected the claim, and held the claim compensable for right elbow dislocation and right

radial head fracture. The Board found that Ms. DeWitt was injured in the course of and resulting from her employment. WVUHS now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, __W. Va. __, 905 S.E.2d 528 (2024).

WVUHS argues that because the cause of Ms. DeWitt's fall is unknown, she did not suffer an injury resulting from her employment. WVUHS further argues that Ms. DeWitt was "simply walking" when she fell, thus, the injury did not result from her employment. We disagree.

The Board noted that Ms. DeWitt testified that she was moving quickly when she tripped and fell. The Board also noted that the author of the incident report explained that Ms. DeWitt was moving at a fast pace while performing her job duties. Further, the Board found no evidence that Ms. DeWitt's knee buckled, that she was dizzy, or had balance issues, nor anything of the like that precipitated her fall. In its order, the Board distinguished this case from the circumstances described in *Hood v. Lincare Holdings, Inc.*, 249 W. Va. 108, 111, 894 S.E.2d 890, 893 (2023), in which the injured worker did not slip, trip, or fall. The Board found that the fact that Ms. DeWitt was moving quickly to perform her work and tripped causing her to fall and injure herself supports a finding that she was injured in the course of and resulting from her employment.

As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which

presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in finding that Ms. DeWitt sustained an injury to her right elbow in the course of and resulting from her employment. Further, we conclude that the Board was not clearly wrong in holding the claim compensable for right elbow dislocation and right radial head fracture.

Accordingly, we affirm the Board's January 30, 2024, order and, further, vacate the stay granted by this Court on March 14, 2024.

Affirmed.

**ISSUED:** October 28, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen


Judge Daniel W. Greear, dissenting